# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHAD HOFNAGLE | : |
| Plaintiff | : |
| v. | : 3:12-CV-2468 |
| | : (JUDGE MARIANI) |
| PINE GROVE BOROUGH, et al., | : |
| Defendants | : |

## MEMORANDUM OPINION

### I. Introduction

Before the Court are Defendant Hobbs's Motion to Dismiss (Doc. 8) and Pine Grove[1] Defendants' Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement (Doc. 22). For the reasons set forth below, the Court will grant both motions and grant Plaintiff leave to file an Amended Complaint.

### II. Factual Allegations and Procedural History

Plaintiff was formerly a "police officer with Pine Grove Borough" who was hired in June 2008. (Complaint ("Compl."), Doc. 1, ¶¶ 7, 12). Defendant Hobbs "is the Solicitor for Pine Grove . . ." (*Id.* at ¶ 10). Defendant Brown-Zerbe is the current Mayor of Pine Grove, and all other individual defendants are members of the Borough Council. (*Id.* at ¶¶ 9, 11).

In October 2008, Plaintiff witnessed evidence of what he believed was a set-up between Officer Mark Resue and then-Mayor William Morris "to create an incident against

---

[1] In addition to the borough, these defendants include Kimberly Brown-Zerbe, Larry Dubbs, Lynn Umbenhauer, Timothy Peters, Steven Kramer, Thomas Fickinger, Scott Zimmerman, and Paul Gantz.

then Pine Grove Police Chief Joshua Reager," involving Reager's ATV. (*Id.* at ¶¶ 13, 14). Later, both Resue and Morris allegedly perjured themselves during depositions in Reager's lawsuit against the Pine Grove defendants. (*Id.* at ¶ 14).

Sometime during the pendency of Reager's lawsuit, the defendants in the Reager lawsuit discovered that Plaintiff "had specific knowledge that Resue had called Mayor Morris" regarding the set-up and that Resue and Morris had perjured themselves. (*Id.* at ¶¶ 15-16). They also learned that Plaintiff "would be subpoenaed to a deposition where he would testify truthfully to these facts." (*Id.* at ¶ 17).

Then, "[o]n November 16, 2010 Resue called Hofnagle and advised him that his name had arisen in 'Reager's' lawsuit," and Plaintiff confirmed that he had witnessed Morris's "number being in the phone as the last previous call made when Resue left the night of the ATV incident in October 2008." (*Id.* at ¶ 19). A few weeks later, on December 9, 2010, Plaintiff "received a call from then Lt. Tommy Trotter (Resue was Chief at this time) telling Chad not to bother coming in to the Pine Grove Borough meeting scheduled for that night," because he "wasn't needed." (*Id.* at ¶ 20). The next day, Plaintiff "received a call from the defendant, Mayor Zerbe (who had succeeded Morris), telling him it was 'unanimously decided' by the Pine Grove Borough Council to terminate him." (*Id.* at ¶ 21). As of the date of Plaintiff's termination, former Chief Reager's lawsuit was still pending. (*Id.* at ¶ 22). Plaintiff's employment was terminated "without cause and with no hearing for retaliatory reasons." (*Id.* at ¶ 30).

After his termination, Plaintiff "applied for employment elsewhere," (*id.* at ¶ 24) but was unsuccessful because "defendant Zerbe had recommended . . . that he not be hired for a number of false and inaccurate reasons." (*Id.* at ¶ 25). Plaintiff alleges his "4th Amendment rights were violated when the contents of unaddressed and unknown complaints were made against him," (*id.* at ¶ 31) and "defendants distributed false and misleading information about Hofnagle indicating he communicated numerous wrongs with females and also falsified time cards etc. all of which were false," for retaliatory reasons. (*Id.* at ¶ 32).

Furthermore, "Christopher W. Hobbs, on behalf of himself and the defendant Pine Grove Borough, jointly [*sic*] Zerbe in the unlawful retaliation against Hofnagle by refusing to provide the contents of this personnel file in violation of his 1st and 4th Amendment rights." (*Id.* at ¶ 27).

Plaintiff seeks relief under the First, Fourth, and Fourteenth Amendments through 42 U.S.C. § 1983. Plaintiff sues Pine Grove Borough under a *Monell* theory (id. at ¶ 29), and alleges the individual borough "defendants are all policy makers who have established" a policy of retaliation against those who follow the law. . ." (*Id.* at ¶ 28).

### III. Standard of Review

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must

3

aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013)

4

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### IV. Analysis

#### 1. Defendant Hobbs

Plaintiff's sole allegations against Defendant Hobbs are that he "is the Solicitor for Pine Grove Borough" (Compl. at ¶ 10), and that he "on behalf of himself and the defendant Pine Grove Borough, jointly [*sic*] Zerbe in the unlawful retaliation against Hofnagle by refusing to provide the contents of this personnel file in violation of his 1st and 4th Amendment rights." (*Id.* at ¶ 27).

Defendant Hobbs construed these allegations as a claim under § 1983 for conspiracy to retaliate against Plaintiff. As such, Defendant Hobbs cited to case law alleging that the intracorporate conspiracy doctrine precludes an attorney from being sued for conspiracy if he was acting in the attorney-client context. *See, e.g., Heffernan v. Hunter*, 189 F.3d 405, 411-13 (3d Cir. 1999); *Willis v. Carroll Twp.*, No. 1:07-CV-949, 2008 WL 644762 (M.D. Pa. Mar. 5, 2008); *Herring v. Chichester Sch. Dist.*, Civil Action No. 06-5525, 2007 WL 3287400 (E.D. Pa. Nov. 6, 2007).

5

Plaintiff, however, argues that he is not pursuing a claim for civil conspiracy against Defendant Hobbs.[2] (Doc. 20, at 2-3). Rather, he argues in his Brief in Opposition that when he attempted to obtain his personnel file through a right-to-know request, "the Secretary/Treasurer of the Borough, Judi Kassab, . . . identified Christopher Hobbs by name as the person who denied Hofnagle his files," in a letter dated October 30, 2012 and Hobbs "in a further act of retaliation, kept information from [Plaintiff] in order to protect the Borough and avoid liability for their wrongdoing." (*Id.* at 2).

The Court cannot consider these facts raised in Plaintiff's brief. "[A] district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97, n.6 (3d Cir. 2010) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)).

Yet, even accepting these new allegations as true, Plaintiff has not alleged how Defendant Hobbs's actions fell outside of the scope of the attorney-client relationship. "Because [Plaintiff] sued private individuals for actions taken in their roles as attorneys, he must point to some action that is 'fairly attributable' to the state." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Id.* (quoting *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 450, 70 L. Ed. 2d 509 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer

---

[2] Even so, the Court finds that Defendant Hobbs's case law is correct and to the extent that the Complaint can be read to state a claim that he conspired with the Borough defendants against Plaintiff, that claim must be dismissed.

6

of the court, a state actor 'under color of state law' within the meaning of § 1983.").

Defendant Hobbs correctly argues that

> there are no competent allegations of fact which would tend to even insinuate that Defendant Hobbs was ever acting for his own benefit rather than for the benefit of the Borough in his capacity as Borough Solicitor. In fact, Plaintiff identifies, in his recitation of the parties, Defendant Hobbs as the Solicitor for the Borough of Pine Grove. Plaintiff's Complaint ¶ 10. Furthermore, the only possible access Defendant Hobbs could possibly have to the Plaintiff's personnel file would be as the Solicitor for the Borough of Pine Grove.

(Doc. 9, at 6).

Finally, Plaintiff has not shown that he was entitled to his personnel file. Under 43 P.S. § 1322, "[a]n employer shall, at reasonable times, upon request of an employee, permit that employee or an agent designated by the employee to inspect his or her own personnel files used to determine his or her own qualifications for employment, promotion, additional compensation, termination or disciplinary action." However, § 1321 defines "employee" as "[a]ny person currently employed, laid off with reemployment rights or on leave of absence." Because Plaintiff falls into none of the definitions of "employee," he had no legal right to inspect his personnel file. See Beitman v. Dep't of Labor and Industry, 675 A.2d 1300, 1302 (Pa. Commw. Ct. 1996) (holding that former employee who requested to inspect her personnel files had no right to do so under 43 P.S. §§ 1321-22).

Therefore, Plaintiff has not shown that Defendant Hobbs was a state actor who deprived him of a federally protected constitutional right. For all of the above reasons, Defendant Hobbs will be dismissed with prejudice from the case.

### 2. Individual Pine Grove Defendants

#### i.  Fourth Amendment Claim

For the reasons set forth above, the Court will dismiss with prejudice any claims stemming from the denial of access to Plaintiff's personnel files as to all individual defendants. Plaintiff has no right to inspect his personnel files because he is no longer an employee of the Borough.

With respect to Plaintiff's allegation that "his 4th Amendment rights were violated when the contents of unaddressed and unknown complaints were made against him," Plaintiff has not identified any individual defendant who took these actions, when such actions took place, or the contents of such complaints. As such, the allegation falls well short of the pleading standards under *Twombly* and *Iqbal*. Therefore, the Court will grant Defendants' motion to dismiss this claim but will grant Plaintiff leave to amend to allege further factual support for his Fourth Amendment claim.

#### ii.  First Amendment Claim

Plaintiff claims that his employment was terminated in retaliation for the speech that he would have engaged in had he been deposed in the *Reager* lawsuit. "To state a First Amendment retaliation claim, a public employee plaintiff must allege that his activity is protected by the First Amendment, and that the protected activity was a substantial factor in the alleged retaliatory action." *Gorum v. Sessoms*, 561 F.3d 179, 184 (3d Cir. 2009) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006)). "The first factor is a question

8

of law; the second factor is a question of fact." *Id* (internal citations and quotation marks omitted).

Defendants cite to numerous cases for the proposition that an intent to speak, by itself, does not qualify as protected activity, and as such, cannot be the basis for a First Amendment retaliation claim. *See, e.g., Farneski v. Cnty. of Hunterdon*, -- F. Supp. 2d --, 2013 WL 86001, at *7 (D.N.J. Jan. 9, 2013) ("While it is true that testifying at a trial constitutes a matter of public concern, Farneski never testified at trial, nor was he deposed. Simply stating that he would testify truthfully if asked does not constitute speech touching a matter of public concern.") (citing *Reilly v. City of Atlantic City*, 532 F.3d 216, 231 (3d Cir. 2008)); *see also Lande v. City of Bethlehem*, Civil Action No. 07-2902, 2010 WL 5173154, at *9 (E.D. Pa. Dec. 10, 2010) ("Lande explained at his deposition that he spoke with Obrecht to avoid testifying, as he felt the Department would want him to perjure himself. . . . Lande's disclosure to Obrecht does not fall within this exception because Lande never testified."). Plaintiff has not offered any authority to the contrary, and so the Court will grant Defendants' motions to dismiss Plaintiff's First Amendment retaliation claim. However, the Court will grant Plaintiff leave to amend this claim to allege any other protected activity in which he may have engaged.

        *iii.*    *Fourteenth Amendment Claim*

In support of his procedural due process claim, Plaintiff alleges that Defendants terminated his employment "without cause and with no hearing for retaliatory reasons."

9

(Compl. at ¶ 30). Defendants argue that Plaintiff has not shown that he had a property interest in his job because he has failed to allege that he was a full-time police officer who would be entitled to certain procedural due process protections.

Because only full-time police officers are entitled to procedural due process under the law, Defendants argue that the Court must dismiss Plaintiff's Fourteenth Amendment claim. *See* 53 P.S. §§ 814, 46195(4); *see also Lohman v. Borough*, No. 3:05-CV-1423, 2007 WL 4260943, at *11 (M.D. Pa. Nov. 29, 2007). Therefore, the Court will dismiss Plaintiff's Fourteenth Amendment claim but will grant him leave to amend to state whether he was a full-time officer who would have been entitled to certain procedural safeguards.

### 3. Defendant Pine Grove Borough

Because Plaintiff has failed to allege a cause of action against the individual Borough defendants, there can be no *Monell* liability against the Borough itself. The Borough "may not be held liable for constitutional torts under § 1983 on a vicarious liability theory rooted in *respondeat superior*, but it can be held responsible as an entity when the injury inflicted is permitted under its adopted policy or custom." *Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 237 (3d Cir. 2013) (internal quotation marks and citations omitted).

Nevertheless, to provide the Plaintiff with guidance for his Amended Complaint, the Court notes that Plaintiff must identify which claims he is bringing against which defendants. *See, e.g., Miller v. York Cnty.*, No. 1:11–CV–1451, 2012 WL 38166, at *8 (M.D. Pa. Jan. 9, 2012); *Miller v. Indiana Hosp.*, 562 F. Supp. 1259, 1270-72 (W.D. Pa. 1983). For instance,

Plaintiff has not identified which defendants allegedly were responsible for the denial of his due process rights. Defendants correctly point out that neither Defendant Brown-Zerbe (Mayor) nor Defendant Hobbs (Solicitor) possesses the statutory authority to terminate Plaintiff's employment, so they could not possibly owe him any procedural due process rights. See 53 P.S. § 46121 (only a Borough council has the authority to hire and fire police officers).

In addition, it is not enough for Plaintiff to allege that a policy or practice existed within the Borough to deprive him of his constitutional rights and that "defendants are all policy makers who have established" a policy of retaliation against those who follow the law. . ." (Compl. at ¶ 28). He must allege facts in support of such policy or practice.

## V. Conclusion

For the foregoing reasons, the Court will grant both motions to dismiss. Defendant Hobbs will be dismissed with prejudice, and to the extent Plaintiff states a claim for conspiracy to keep his personnel file from him, such claim also will be dismissed with prejudice. Furthermore, Plaintiff's Fourth Amendment claim for denial of access to his personnel file will be dismissed with prejudice as to all defendants. All other claims (Plaintiff's First and Fourteenth Amendment claims, Fourth Amendment claim arising out of "the contents of unaddressed and unknown complaints . . . made against him", and *Monell* claim) will be dismissed without prejudice and Plaintiff will be granted leave to amend those claims. A separate Order follows.

Robert D. Mariani
United States District Judge